IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.

FRONTIER AIRLINE PILOTS ASSOCIATION,

    Plaintiff,

v.

FRONTIER AIRLINES INC.,

    Defendant.

---

**COMPLAINT AND REQUEST FOR PRELIMINARY INJUNCTIVE RELIEF TO ENFORCE ARBITRATION AWARD**

---

**JURISDICTION AND VENUE**

1. This is an action brought pursuant to the Railway Labor Act *45 U.S.C. § 151 et seq.* (hereafter RLA or "the Act"), to enforce the ruling of a System Board of Adjustment established pursuant to §204 of the Act, 45 U.S.C. 184. Jurisdiction also resides under 28 U.S.C. § 1331 and 1337.

2. Venue is appropriate in the Court pursuant to *28 U.S.C. § 1391* because both plaintiff and defendant do business within this District, and because a substantial part of the events giving rise to this claim occurred within this district.

**PARTIES**

3. Plaintiff Frontier Airline Pilots Association ("Association") is a representative as that term is defined in Section 1 Sixth of the Act, 45 U.S.C. §151 Sixth as extended to air

    carriers by virtue of Section 201 of the RLA, *45 U.S.C. § 181*. The Association is the collective bargaining representative for defendant's pilots.

4. Frontier ("Company") is a domestic air carrier, organized and existing under the laws of the State of Colorado, having an office and principal place of operations in Denver, Colorado. Frontier operates as an airline in interstate commerce and is a "carrier by air" within the meaning of Section 201 of the RLA, *45 U.S.C. § 181*.

## STATEMENT OF FACTS

5. The Association and the Company are parties to and bound by a written collective bargaining agreement ("Agreement"), governing the terms and conditions of employment for pilots employed by the Company. The Agreement is effective by its terms from March 2, 2007, until March, 2011. A true and correct copy of relevant portions of the Agreement consisting of Section 1 - Recognition, Section 13 - Investigation and Discipline, Section 14, System Board of Adjustment and Section 24 - Duration and Termination, is attached hereto as Exhibit A and fully incorporated herein by this reference.

6. Section 13(A)(7) of the Agreement provides that a pilot shall not be disciplined, suspended, and/or terminated from the Company without a prompt, fair and impartial investigation and hearing(s) as described in Section 13 of the Agreement. Further, according to that provision of the Agreement, no pilot shall be disciplined or discharged without just cause.

7. Section 13(B)(2)(a-d) provides that the Company shall, within 28 days of an employee incident take one of a number of various levels of action including notifying the pilot that

       a disciplinary hearing will be held by the Company based upon the incident or violation. Section 13(E) outlines the hearing process to be used in the event the Company chooses to conduct a disciplinary hearing.

8. In the event a hearing is held pursuant to Section 13(E), within seven (7) days of the hearing, the Vice President of Flight Operations or his designee issues a final Company decision regarding the discipline imposed, if any.

9. Section 13(F)(1) provides that a pilot who is dissatisfied with the Company's decision shall notify the Association in writing. The Association may appeal the decision to the System Board of Adjustment in accordance with Section 14 of the Agreement.

10. As required by Section 204 of the Act (45 USC §184) Section 14 of the Agreement, established a System Board of Adjustment ("SBA") for the purpose of adjusting disputes arising out of grievances or interpretation of application of the Agreement that have been processed but not resolved in Section 13 of the Agreement.

11. Section 14(A)(2) of the Agreement provides regarding the SBA's jurisdiction that:

> The SBA shall have jurisdiction over disputes between any employee covered by this Agreement and the Company growing out of grievances or out of interpretation or application of any of the terms of this Agreement. The jurisdiction of the SBA shall not extend to proposed changes in hours of employment, basic rates of compensation or working conditions covered by this Agreement or any amendment(s) hereto.

12. Section 14(c)(2)(a-c) provides that the Association must submit a notice of appeal to the SBA which sets forth basic information about the grievance, the question(s) at issue, the section of the agreement alleged to have been violated, a brief statement of the relevant information, a summary of the Association's position and the Company's position and the

           requested relief and Sections D through H provide the process to be followed in conducting a hearing.

13. Section 14(I) provides that a majority vote of all members of the SBA shall, in all cases properly referable to it, be final and binding upon the parties.

14. On or about September 25, 2008, Frontier Pilot, Captain Gilbert Ponder ("Ponder"), while on duty, allegedly submitted to an alcohol test - the results from which were positive. As a result, on that date, in accordance with Section 13 of the Agreement, a hearing was held to investigate this allegation.

15. Following the hearing, on October 1, 2008, Frontier terminated Ponder's employment. A true and correct copy of the termination letter is attached hereto as Exhibit B and is fully incorporated herein by this reference.

16. In keeping with Section 14 of the Agreement, the Association submitted a timely Notice of Appeal to the SBA on behalf of Ponder in which the Association argued that the Company terminated Ponder without just cause and violated his rights under the Agreement to a medical leave of absence. The Association requested reinstatement with full back pay. A true and correct copy of the Association's Notice of Appeal is attached hereto as Exhibit C.

17. On or about November 10, 2008, the SBA heard arguments from both the Company and the Association. On November 21, 2008, the SBA issued a ruling on the Association's Appeal unanimously holding on a non-precedential basis that the interests of both the Company and Ponder would be served by offering him the opportunity for conditional reinstatement as a Pilot. The SBA's ruling specifically states:

> The Board has deliberated over these arguments and found that the termination of Capt. Ponder's employment was justified by the Collective Bargaining Agreement. However, the Board unanimously decided that the interests of both the Company and Capt. Ponder would be better served by offering him the opportunity for conditional reinstatement as pilot. This reinstatement is subject to the Company, the Association, and Capt. Ponder coming to an agreement on the terms under which such a reinstatement would be possible. The Board has drafted an agreement that sets forth conditions for reinstatement that are fair and protect the interests of all parties and the traveling public. The Board recommends that the parties use this draft agreement as the basis of a conditional reinstatement agreement. The Board directs the parties to attempt to negotiate an acceptable agreement.

A true and correct copy of the ruling is attached hereto as Exhibit D and incorporated herein by this reference.

18. The SBA transmitted a copy of the award dated November 21, 2008, to the parties and the defendant received it on or about that date.

19. Upon receipt of the ruling on or about November 21, 2008, the Association approached the Company to begin negotiating an agreement for reinstatement in keeping with the SBA ruling. The Company refuses to abide by the SBA ruling.

### FIRST CLAIM FOR RELIEF

20. Plaintiff incorporates the allegations of ¶¶1-18 as if fully set forth.

21. By refusing to attempt to negotiate an acceptable agreement in compliance with the SBA award of November 21, 2008, the Company has violated the terms of the collective bargaining agreement.

22. The defendant has waived all defenses to this Claim for Relief by failing to file an action to set aside the SBA award within the time period prescribed in §13-22-223 (2) C.R.S.

## SECOND CLAIM FOR RELIEF

23. Plaintiff incorporates the allegations of ¶¶1-21 as if fully set forth.

24. The Company's refusal to abide by the SBA ruling violates §204 of the RLA (29 USC §184) in that it nullifies a valid ruling of the SBA required by that statute to resolve disputes between the parties.

25. The defendant has waived all defenses to this Claim for Relief by failing to file an action to set aside the SBA award within the time period prescribed in 13-22-223 (2) C.R.S.

## ENTITLEMENT TO INJUNCTIVE RELIEF ON BOTH CLAIMS FOR RELIEF

26. Plaintiff has no plain, adequate and speedy remedy at law and is entitled to an injunctive order enforcing the SBA award and requiring the Defendant to comply with that award by attempting to negotiate an acceptable agreement with the union providing for the reinstatement of Captain Ponder.

WHEREFORE, Plaintiff demands judgment against the defendant:

1. Ordering the defendant to abide by the SBA ruling requiring that it attempt to negotiate an agreement governing the conditional reinstatement of Captain Ponder.

2. Requiring defendant to pay to plaintiff reasonable attorneys' fees and the costs of this action.

Dated this 19th day of October, 2009.

Respectfully Submitted,

 s/ Joseph M. Goldhammer
Joseph M. Goldhammer, #5761

 s/ Naomi Y. Perera
Naomi Y. Perera, #38581
Buescher, Goldhammer,
 Kelman & Dodge, P.C.
1563 Gaylord Street
Denver, CO 80206
Phone: (303) 333-7751
Fax: (303) 333-7758
jgoldhammer@laborlawdenver.com
nperera@laborlawdenver.com

Plaintiff's address

18300 East 71st Avenue, #140
Denver, CO 80249